1  Kevin M. Zietz, Esq. (SBN 186244)
   E-mail: kevin@zietzlaw.com
2  LAW OFFICES OF KEVIN M. ZIETZ, PC
   16055 Ventura Boulevard, Suite 432
3  Encino, California 91436
   Tel:  (818) 981-9200
4  Fax: (818) 981-9201

5  Todd Krauss, Esq. (SBN 187991)
   E-mail: todd@tkrausslaw.com
6  LAW OFFICES OF TODD KRAUSS & ASSOCIATES
   16055 Ventura Boulevard, Suite 432
7  Encino, California 91436
   Tel:  (818) 981-1007
8  Fax: (818) 322-3901

9  Attorneys for Plaintiff,
   VIRGINIA BLACK-WILLIAMS
10

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13

14 | VIRGINIA BLACK-WILLIAMS,              | Case No. :
15 |         Plaintiff,                     |
16 | v.                                     | **COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**
17 | METROPOLITAN LIFE INSURANCE COMPANY;   |
18 | KAISER FOUNDATION HEALTH PLAN, INC. LONG TERM | [29 U.S.C. §1132(a)(1)]
19 | DISABILTY PLAN; and DOES 1 to 10, Inclusive, |
20 |         Defendants.                    |

   Plaintiff, VIRGINIA BLACK-WILLIAMS (hereinafter referred to as "Plaintiff"), complains of Defendants METROPOLITAN LIFE INSURANCE COMPANY (hereinafter referred to as "MetLife"), and KAISER FOUNDATION HEALTH PLAN, INC. LONG TERM DISABILTY PLAN (hereinafter referred to as the "Plan"), as follows:

28 ///

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about November 2, 2017, at which time she was informed that MetLife was upholding the decision to terminate her Long-Term Disability (LTD) benefits (as of February 1, 2017), and that she has exhausted her administrative rights under the Plan.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the Plan is an employee welfare benefit plan established and maintained by her employer, Kaiser Foundation Health Plan, Inc., to provide its employees with long-term disability insurance to pay a portion of a covered employee's income during a period of disability.

6. The Plan can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7. Plaintiff is an individual citizen and resident of the State of California, County of Los Angeles, residing within the Central District of the State of California.

///

COMPLAINT FOR DAMAGES UNDER ERISA

8. On information and belief, MetLife issued a policy that fully insures the Plan, which is contractually obligated to pay benefits for claims covered and approved through the Plan.

## FACTUAL BACKGROUND

9. At all times relevant hereto, Plaintiff, currently age 61, was employed by Kaiser Foundation Health Plan, Inc. She was a participant and beneficiary of the Plan at all times mentioned herein.

10. She worked as a Staff Registered Nurse, which MetLife determined to be a medium physical demand level occupation. Her occupation required that she perform professional nursing care, utilizing the nursing process in accordance with established standards of care. The physical demands of Plaintiff's occupation included sitting, standing, walking, bending, repetitive use of hands, grasping, find finger dexterity, and lifting up to 20 pounds.

11. The policy defines "Totally Disabled" or "Total Disability" as follows:

"During the Elimination Period and the next 24 months, You are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Regular Occupation in the unusual and customary way.

After such period, You are not able to engage with reasonable continuity in which You could reasonably be expected to perform satisfactorily in light of Your:

- age;
- education;
- training;
- experience;
- station in life; and
- physical and mental capacity

that exists within any of the following locations:

- a reasonable distance or travel time from Your residence in light of the commuting practices of Your community;
- a distance of travel equivalent to the distance or travel time You traveled to work before becoming disabled; or
- the regional labor market, if You reside or resided prior to becoming disabled in a metropolitan area.

12. Plaintiff last worked on December 10, 2014. She was placed off work by her doctor due to acute stress disorder, major depression disorder, single episode, panic disorder and persistent insomnia.

13. After satisfaction of the 90-day elimination period, Plaintiff's LTD benefits became payable effective March 11, 2015.

14. On June 18, 2015, MetLife made a determination that Plaintiff was totally disabled and unable to perform the duties of a registered nurse in the usual and customary way.

15. MetLife determined that Plaintiff's disability was the result of a Mental or Nervous Disorder or Disease, which triggered a 36-month limitation on the payment of benefits (exhausts on March 10, 2018).

16. In February 2016, Plaintiff's depression was reported to be quite severe and she was experiencing side-effects from her medications which made her feel groggy.

17. Plaintiff's highest Global Assessment of Functioning through October of 2016 was 60.

18. On December 23, 2016, MetLife had Plaintiff's file reviewed by a doctor board certified in psychiatry. The peer reviewer opined (without seeing Plaintiff and therefore without the benefit of a clinical assessment) that limitations and restrictions were not supported beyond the date of the review.

///

19. MetLife informed Plaintiff that LTD benefits were being terminated effective January 31, 2017.

20. On February 1, 2017, Plaintiff submitted a timely written request to appeal the decision to terminate her LTD benefits.

21. On August 2, 2017, Plaintiff submitted additional documents in support of her appeal that included a questionnaire filled out by her psychiatrist. Plaintiff's psychiatrist opined (based upon his clinical assessment) that she remains totally and temporarily disabled due to her ongoing severity of depression, high anxiety and panic attacks that cause poor focus.

22. MetLife had a doctor board certified in internal medicine conduct a peer review on September 16, 2017. The peer reviewer spoke with Plaintiff's psychologist who stated that could not address her physical limitations through from his perspective she was disabled on a mental nervous basis. The peer reviewer opined that the medical information did not support functional limitations from a physical perspective from February 1, 2017 onward.

23. MetLife also had a doctor certified in psychiatry conduct a peer review on September 16, 2017. The doctor opined that the medical information does not support functional limitations due to a psychiatric condition between February 1, 2017 and April 26, 2017. However, the doctor opined that the medical evidence does support functional limitations due to a psychiatric condition as of April 26, 2017 through the date of the peer review.

24. On November 2, 2017, MetLife upheld the termination of benefits based upon the peer reviews completed on September 16, 2017. Plaintiff was informed that she exhausted her administrative rights under the Plan, and that no further appeal will be considered.

///
///
///

- 5 -
COMPLAINT FOR DAMAGES UNDER ERISA

# COUNT ONE

## For Damages and Benefits Against Defendants
## METROPOLITAN LIFE INSURANCE COMPANY; KAISER FOUNDATION HEALTH PLAN, INC. LONG TERM DISABILTY PLAN
### (Pursuant to 29 U.S.C. Section 1132(a)(1))

25. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26. The LTD policy issued by MetLife has an effective date of January 1, 2014, with a policy anniversary date of January 1st.

27. Based upon information and belief, the policy and/or other plan documents do not contain an express grant of discretionary authority, therefore the court will apply a de novo standard of review.

28. When the policy renewed each year beginning January 1, 2015, it incorporated any and all changes in the law in California prior to the renewal, thus incorporating the provisions of *California Insurance Code* § 10110.6.

29. In the event that the policy and/or other plan documents do contain an express grant of discretionary authority, *California Insurance Code* § 10110.6 will render that grant of authority null and void, and the Court will apply a de novo standard of review.

30. Plaintiff's claim is for non-vested employee welfare benefits, so the controlling plan will be the one that existed at the time that her ERISA cause of action accrued (which is when LTD benefits were finally denied on November 2, 2017). The decision to deny benefits was rendered multiple anniversary dates after *California Insurance Code* § 10110.6 took effect, therefore the controlling policy cannot by law have a valid grant of discretionary authority.

31. The weight of the medical evidence in the administrative record supports a determination that Plaintiff has not been able to perform the material duties of her occupation due to her limitations and restrictions, since February 1,

2017.

32. In the event that the court applies an abuse of discretion standard, Plaintiff alleges that MetLife has a conflict of interest because it is the claims administrator and the funding source of claims paid pursuant to the LTD policy that insures the PLAN.

33. In the event that the court applies an abuse of discretion standard, MetLife's claims decision was illogical, implausible, and/or without support in inferences that may be drawn from the facts in the record.

34. As a direct and proximate result of MetLife's wrongful denial of LTD benefits, Plaintiff contends that MetLife has breached the contract by not paying benefits, payable at the rate of $5,825.45 per month, less applicable offsets, from February 1, 2017 to the present and continuing.

35. As a further direct and proximate result of the denial of benefits, and due to MetLife's failure to pay benefits, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her under the terms of the Plan. Accordingly, Plaintiff will be entitled to reasonable attorneys' fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

## Count One

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $5,825.45 per month, less appropriate offsets, from February 1, 2017 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorneys' fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

///

4. For any further relief that the court deems reasonable and just.

DATED: January 10, 2018

Respectfully submitted,

LAW OFFICES OF KEVIN ZIETZ

By: _____
Kevin M. Zietz
Attorney for Plaintiff
VIRGINIA BLACK-WILLIAMS

**COMPLAINT FOR DAMAGES UNDER ERISA**